RECEIVED
OCT 26 2026
BY MAIL

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
DIVISION

FILED
OCT 27 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

Brown, Jeanette L.
Plaintiff, Pro Se

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**v.**

Department of Housing & Urban Development Region VII (members)

Defendants

*(Write the full name of each defendant. The caption must include the names of all of the parties. Fed. R. Civ. P. 10(a). Merely listing one party and writing "et al." is insufficient. Attach additional sheets if necessary.)*

**Complaint for a Civil Case**

4:26-cv-01849-RWS

Case No.
*(to be assigned by Clerk of District Court)*

Plaintiff requests trial by jury:

☐ Yes ☒ No

STATE OF MISSOURI
COUNTY OF St. Louis

On this 20th day of October, 2026, before me, the undersigned notary public, personally appeared Jeanette Brown, proved to me through satisfactory evidence of identification, which were State ID, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

[signature]
Notary Public's Signature My Commission Expires 9/29/28

AMY E. RANDAZZO
My Commission Expires
09-29-2028
NOTARY SEAL
St. Louis County
Commission # 20589206
NOTARY PUBLIC - STATE OF MISSOURI

## CIVIL COMPLAINT

*NOTICE:*

*Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include only: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.*

*Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.*

*In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed without prepaying fees or costs.*

# I. The Parties to This Complaint

## A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jeanette R. Brown - Jeanette Brown |
| Street Address | P.O. Box 210251 |
| City and County | St. Louis |
| State and Zip Code | Mo. 63121 |
| Telephone Number | 314-296-1212 |
| E-mail Address | jeanettebrown8708@gmail.com |

## B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Natasha J. Watson |
| Job or Title | Regional Director (Office Fair Housing) |
| Street Address | 400 State Ave |
| City and County | Kansas City |
| State and Zip Code | Kansas 66101-2406 |
| Telephone Number | |
| E-mail Address | |

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant. If you are suing for violation of your civil rights, you must state whether you are suing each defendant in an official capacity, individual capacity, or both.)*

(See attachment)
2 pages

The Defendants
Department of Housing and Urban Development Region VII – Members Involved

DFT No. 1

Natasha J. Watson
Regional Director – office Fair Housing
400 State Ave.
Kansas City, KS 66101

DFT NO. 2

Dwight O. Smith
Chief Intake Branch
400 State Ave.
Kansas City, KS 66101
(913) 551-6958
www.hud.gov

DFT NO. 3

Cameron Adams Brent
Human Rights Officer – Intake
400 State Ave.
Kansas City, Kansas 66101 (573-522-1031) Adam.Cameron labor.mo.gov

# The Defendants

DFT NO. 4

Pamela Porter
(HUD)

DFT NO. 5

Tiana Alexander
(BOARD MEMBER) of Natasha J. Watson

DFT NO. 6 (Additive)

Carmela Williams
(HUD)
(314) 418-5208
Carmela.j.williams@hud.gov

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only three types of cases can be heard in federal court. Provide the information for this case. *(Include all information that applies to your case)*

### A. Federal question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. (See attachment) pages 1 & 2

### B. Suit against the Federal Government, a federal official, or federal agency

List the federal officials or federal agencies involved, if any.
MEMBERS OF THE U.S. Department of Housing and Urban Devl. Region VI
1. Dwight O. Smith - Chief Intake Branch
2. Natasha J. Watson - Regional Director (office Fair Housing)
3. Tiana Alexander (employee of Natasha J. Watson)
4. Cameron Adams 5. Pamela Porter 6. Carmela Williams (HUD)

### C. Diversity of Citizenship

These are cases in which a citizen of one State sues a citizen of another State or nation, and the amount at stake is more than $75,000. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

1. The Plaintiff(s)

The plaintiff, *(name)* Jeanette Brown, is a citizen of the State of *(name)* Missouri.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

If the defendant is an individual

The defendant, *(name)* ______________________, is a citizen of the State of *(name)* ______________________ *Or* is a citizen of *(foreign nation)* ______________________.

If the defendant is a corporation

The defendant, *(name)* (members) of U.S. Department of Housing & Urban Developm
is incorporated under the laws of the State of *(name)*
Kansas, and has its principal place of business in the State of *(name)* Kansas *Or*
is incorporated under the laws of the State of *(foreign nation)*
______________________, and has its principal place of business in *(name)* ______________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy----the amount the plaintiff(s) claims the defendant(s) owes or the amount at stake----is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Type, or neatly print, a short and plain statement of the **FACTS** that support your claim(s). For every defendant you have named in this complaint, you must state what he or she personally did to harm you. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Do not make legal arguments, or cite court cases or statutes. You may attach additional pages if necessary.

Your statement of claim must include all of the following information:

1. What happened to you?
2. When did it happen?
3. Where did it happen?
4. What injuries did you suffer?
5. What did each defendant personally do, or fail to do, to harm you?

(see attachment pages 6 through 9
Cause of Action pages 10 and 11)

## IV. Relief

State briefly and precisely what damages or other relief you want from the Court. Do not make legal arguments.

(see attachment pages 12 and 13)

Do you claim the wrongs alleged in your complaint are continuing to occur now?

Yes [X] No [ ]

Do you claim actual damages for the acts alleged in your complaint?

Yes [X] No [ ]

Do you claim punitive monetary damages?

Yes [X] No [ ]

If you indicated that you claim actual damages or punitive monetary damages, state the amounts claimed and the reasons you claim you are entitled to recover these damages.

(see attachment)

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 20 day of October, 20 26.

Signature of Plaintiff(s) Janette Brown, Pro Se

United States District Court For
The Eastern District of Missouri

Brown, Jeanette R.
Plaintiff, Pro Se

Case No.

VS.

U.S. Department of Housing
AND Urban Development
Region VII (members)
of Fair Housing AND
Equal Opportunity
Defendants

Plaintiff Requests
trial by jury: NO

# Complaint AND Petition For Damages, Injunctive Relief, AND Deprivation of Civil Rights.

## I. Statement of Jurisdiction

1. This Court has subject-matter jurisdiction over this action pursuant to the Missouri Constitution, Article V, Section 14, and Missouri Revised Statues (RSMo) § 506.010, as it involves civil rights violations, breach of statutory duties, and claims for financial and injunctive relief occuring within the borders of the State of Missouri.

2. This Court has concurrent jurisdiction over federal law claims raised herein pursuant to the Fair Housing Act 42 U.S.C. § 3613(a)(1)(A), which explicitly permits civil actions to be brought in an appropriate State Court of general jurisdiction.

3. This Court has specific jurisdiction over the individual Defendants pursuant to RSMo § 506.500 (Missouri Long-Arm Statue) because the Defendants are residents of, or are employed within, the State of Missouri (cont. →)

# I. Statement of Jurisdiction

3b. and committed the tortious acts and statutory violations described herein within this state.

4. The claims brought against the individual Defendants in their individual Capacities are not barred by sovergn or qualified immunity, as their actions Constituted a knowing, malicious, and intentional violation of clearly established federal and State Civil Rights Laws.

## II. Statement of Venue

5. Venue is proper in the District Court FOR THE EASTERN District of Missouri, pursuant to RSMo § 508.010, because the individual Defendants work, reside, and can be found in this county, the defendants Urban Housing Development agency operates an office within this County, and the unlawful acts of retaliation, discrimination, and denial of service took place entirely within this county.

## III. Parties

6. Plaintiff, Jeanette Brown, is an adult, disabled individual who is currently unhoused and homeless as a direct result of the actions of the Defendants. At all times relevant, Plaintiff was a lawful occupant and a remaining eligible family member entitled to the processing and receipt of housing services administered by the Defendants,

7. Defendant Urban Housing Development is a office of Fair Housing AND Equal Opportunity or municipal development entity operating under color of state and federal law within Kansas City County, Missouri.

8. Defendant Dwight O. Smith (chief intake branch), Natasha J. Watson (regional Director) office of fair housing, Tiana Alexander (employee of Natasha J. Watson), and Cameron Adams B. (human Rights officer), and Pamela Porter (HUD) is an employee and member of the Urban Housing Development Region VII office, and is sued in both their official capacity

III. Parties

8b. and their individual capacity for intentional and retaliatory misconduct.

9. Defendant Natasha J. Watson (Regional Director), Dwight O. Smith (Chief intake), Tiana Alexander (board member), Cameron B. Adams (human rights officer), and Pamela Porter (HUD), is/or members of The Urban Housing Development Office, and is such in both their official capacity and their individual capacity for intentional, retaliatory, and supervisory misconduct.

## IV. Factual Allegations

10. Plaintiff is a qualified individual with a physical disability that is severely exacebated by environmental hazards, including toxic mold infestation.

11. Over a multi-year period stretching from 2023 through 2026, Plaintiff was a lawful participant in housing assistance programs overseen by the Defendants. The baseline file for these services was originally registered under the name of Plaintiff's now deceased mother.

12. In 2023, Plaintiff attempt to file necessary administrative claims and update the household file. Members of the Urban Housing Development Region VII office issue an explicit denial of assistance, utilizing the deceased (2006) mother's name as a jurisdiction to reject Plaintiff's standing.

13. Between 2023, 2024, and 2026, Plaintiff continuously provided the individual Defendant with correct, updated, and certified household

## IV. Factual Allegations

13b. documentation required to legally transition the administrative file directly into Plaintiff's name.

14. Throughout this multi-year timeline, every single residential property Plaintiff inhabited under the program's oversight suffered from severe, recurring, and structually hazardous mold infestations.

15. Plaintiff consistently engaged in protected legal activities by submitting multiple formal complaints and reporting these ongoing mold situations directly to members of the Urban Housing Development Region VII office.

16. In response to these claims, members of the Urban Housing Development Region VII office, systematically denied Plaintiff access to higher-quality, safe housing options ("nice homes"), instead leaving Plaintiff trapped in toxic, substandard environments.

## IV. FACTUAL Allegations

17. In 2026, Plaintiff resided in a final market-rate home under the scope of the programs. This home similarly developed severe, un-remedied mold issues.

18. Following Plaintiff's renewed complaints regarding the mold at this market-rate property, members of the Urban Housing Development Region VII office issued a final, total denial of services and assistance in 2026.

19. The individual Defendants explicitly justified their 2026 denial by repeating the claim of a "lack of jurisdiction" because the baseline file remained under the deceased mother's name.

20. This "lack of jurisdiction" defense is a fraudulent pretext manufactured by the Defendants to cover up their own multi-year refusal to update the paperwork Plaintiff had continuously provided since 2023.

## IV. Factual Allegations

21. The 2026 denial of services was executed in bad-faith with deliberate indifference, and in direct retaliation against a disabled individual for exercising their housing rights, directly causing Plaintiff to be forced out of their final market-rate home and into complete, immediate homelessness.

# V. Causes of Action

## Count 1: Unlawful Retaliation
(Fair Housing Act - 42 U.S.C. § 3617 & Missouri Human Rights Act - RSMo § 213.070)

22. Plaintiff realleges paragraph 1 through 21.

23. It is unlawful under federal and state law to coerce, intimidate, threaten, or intefere with any person in the exercise or enjoyment of their housing rights, or because they have filed a complaint or claim regarding housing conditions.

24. The individual Defendants' 2023, 2024, and 2026 denial of assistance were part of a continuous systemic policy directly motivated by a desire to punish and retaliate against Plaintiff for reporting ongoing toxic mold infestations across multiple properties.

25. As a direct result of this retaliation, Plaintiff has suffered extreme physical hardship, emotional distress, loss of housing benefits, and forced homelessness.

Count II: Disability Discrimination (Americans w/ Disability Act - 42 U.S.C. § 12132 & Rehabilitation Act - 29 U.S.C. § 794)

26. Plaintiff realleges paragraphs 1 through 25.

27. The individual Defendants, acting under color of law, intentionally excluded a qualified disabled individual from participating in and receiving the benefits of a public housing program.

28. The individual Defendants refused to provide a reasonable accommodation or process the necessary household transfer paperwork, weaponizing an administrative technical to strip a disabled individual of vital safety-net housing services and steer them exclusively into substandard, mold-infested housing.

## VI. Prayer for Relief

Wherefore, Plaintiff respectfully, requests that this Court enter judgment in their favor and against the Defendants, granting the following relief;

A. A temporary Restraining Order and Preliminary Injunction Commanding the Defendants the immediate reverse the 2026 denial, update the administrative file into Plaintiff's name, and provide immediate, emergency safe housing placement;

B. An award of compensatory financial damages against the Defendants, jointly and severally, for emotional distress, physical suffering and loss of property caused by their multi-year misconduct;

C. An award of punitive damages against the individual Defendants in their individual capacities for their malicious, intentional, and bad-faith retaliation.

VI. Prayer for Relief

D. An award of court costs; and

E. Any such other and further relief as this Court deems just, proper, and equitable under the circumstances.

Dated: October 16, 2026

Respectfully submitted,

Jeanette R. Brown
Plaintiff, Pro Se
(314) 296-1212
jeanettebrown8708@gmail.com